UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE ANTHONY BROWN,

          **Plaintiff,**

v.                                          Case No. 22-CV-1527

NANCY BOWENS, *et al.*,

          **Defendants.**

## DECISION AND ORDER

On May 16, 2024, the court granted the defendants' summary judgment motion and dismissed the case, entering judgment accordingly. (ECF Nos. 30. 31.) Plaintiff Lee Anthony Brown filed a notice of appeal on July 8, 2024. (ECF No. 34.) The court now considers Brown's motion to proceed on appeal without prepayment of the filing fee. (ECF No. 41.)

Under the Prison Litigation Reform Act a prisoner must pay in full the applicable filing fee for an appeal. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $605.00 filing fee for an appeal in advance, he or she can request leave to proceed *in forma pauperis*. To proceed with an appeal *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the

plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency which has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed *in forma pauperis* on appeal: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g). The court finds that Brown has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether Brown filed this appeal in good faith.

A party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a). *See also, Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal

taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

This court does not find any indication that Brown's appeal is not taken in good faith. Therefore, the court will grant his motion to proceed *in forma pauperis* on appeal.

Along with his request to proceed *in forma pauperis*, Brown filed a certified copy of his prison trust account statement for the sixth-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that Brown is required to pay an initial partial filing fee of $6.49, as well as additional payments pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000), and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

**IT IS ORDERED** that Brown's motion for leave to proceed *in forma pauperis* on appeal (ECF No. 41) is **GRANTED.**

**IT IS FURTHER ORDERED** that by **February 3, 2025**, Brown shall forward to the Clerk of Court the sum of $6.49 as the initial partial filing fee in this appeal. Brown's failure to comply with this order may result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that, after the initial filing fee has been paid, the agency having custody of Brown shall collect from his institution trust account the $598.51 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to Brown's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS ALSO ORDERED** that a copy of this order be electronically provided to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated at Milwaukee, Wisconsin this 6th day of January, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge